J-S26044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN SOUFFRANT | : | |
| | : | |
| Appellant | : | No. 1450 MDA 2020 |

Appeal from the PCRA Order Entered October 9, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002313-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN SOUFFRANT | : | |
| | : | |
| Appellant | : | No. 1451 MDA 2020 |

Appeal from the PCRA Order Entered October 9, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002314-2013

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: OCTOBER 29, 2021**

Kevin Souffrant ("Souffrant") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In a prior appeal, this Court set forth the factual and procedural history of this case as follows:

On March 9, 2013, officers from the Lancaster City Bureau of Police responded to a report of shots fired at 1117 Wabank Street, Apartment C-304, in Lancaster County, Pennsylvania. Upon arrival, the officers located inside the apartment a deceased female, Shadae Brooks [("Brooks" or "the victim")], who had suffered multiple gunshot wounds, and additionally found [Souffrant] in the vestibule outside [of] the apartment, also suffering from multiple gunshot wounds. Their investigation led police officers to interview Leonda Washington [("Washington")] and Shaina Taylor-Brooks [("Taylor-Brooks")], who informed police that they had been inside [of] the apartment prior to the shooting, and saw [Souffrant] strike the victim on the head with a small silver handgun, and threaten to kill everyone in the apartment, including three children under age five. [] Washington and [] Taylor-Brooks were able to leave the apartment with two of the children while [Souffrant] was beating the victim, and when the victim attempted to give [] Washington and [] Taylor-Brooks the third child to take with them, [Souffrant] physically restrained her from doing so, and pointed the gun at [] Washington and [] Taylor-Brooks. [] Washington and [] Taylor-Brooks were able to leave with two of the children while the victim remained in the apartment with [Souffrant] and her infant child. [Souffrant] instructed [] Washington and [] Taylor-Brooks that if he heard police sirens he would shoot the victim, and the two women thus opted not to report the incident to police. However, at approximately 4:38 p.m. that afternoon, Officer Mark Gehron received a report from an unidentified source of shots fired at Apartment C-304, and upon arrival found [Souffrant] and the deceased victim. [Souffrant] was transported to Lancaster General Hospital for treatment of his gunshot injuries, where he was interviewed by police and informed them that two men had entered his apartment and shot him and the [victim]. Following further investigation, [Souffrant] was arrested and charged with the aforementioned crimes.

*Commonwealth v. Souffrant*, 125 A.3d 459 (Pa. Super. 2015) (unpublished

memorandum at 1-3) (internal citations to record omitted).

Souffrant filed his first PCRA Petition, *pro se*, in March 2016. The PCRA

court appointed counsel, and Souffrant filed a counseled Petition in July 2016.

Souffrant subsequently filed an Amended, *pro se,* PCRA Petition in September

2016. The PCRA court held a hearing and ultimately denied Souffrant's Petition. This Court affirmed the denial of Souffrant's first PCRA Petition, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Souffrant*, 178 A.3d 162 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 181 A.3d 1081 (Pa. 2018).

Souffrant filed the instant, *pro se*, PCRA Petition on June 19, 2020. The PCRA court appointed counsel to represent Souffrant.[1] In August 2020, Souffrant's court-appointed counsel filed a Petition to Withdraw as Counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On August 27, 2020, the PCRA court issued a Pa.R.Crim.P. 907 Notice, in which it found that counsel had satisfied the dictates of *Turner*/*Finley* and granted counsel's Petition to Withdraw. Pa.R.Crim.P. 907 Notice, 8/27/20, at 3 (unnumbered). The 907 Notice further informed Souffrant that, following its independent review, the PCRA court determined that Souffrant's PCRA Petition was facially untimely and did not fall within any of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Id.* at 3-6 (unnumbered). Souffrant filed

---

[1] This action was originally filed under two docket numbers: No. CP-36-CR-0002313-2013 ("No. 2313") and No. CP-36-CR-0002314-2013 ("No. 2314"). No. 2313 contained the information charging Souffrant with one count each of persons not to possess a firearm, aggravated assault, terrorist threats, endangering the welfare of a child and two counts of simple assault, based upon the March 9, 2013, incident. No. 2314 contained the information charging Souffrant with homicide based upon the March 9, 2013, incident. Souffrant's appeals were filed at docket Nos. 1450 MDA 2020 and 1451 MDA 2020. This Court, *sua sponte*, consolidated the two appeals on January 21, 2021.

- 3 -

a *pro se* Response, wherein he asserted that the newly-discovered fact exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii) applied, and requested an evidentiary hearing. Pa.R.Crim.P. 907 Response, 9/18/20. The PCRA court entered an Order dismissing Souffrant's PCRA Petition without a hearing on October 8, 2020. Souffrant filed a timely Notice of Appeal. It does not appear that the PCRA court ordered Souffrant to file a Pa.R.A.P. 1925 Concise Statement of matters complained of on appeal.

Souffrant presents two questions for our review:

1. Did the [PCRA] court err by failing to find trial counsel, direct appeal counsel, and first court[-]appointed PCRA counsel ineffective[,] and that the second court[-]appointed PCRA counsel's no merit letter was seriously deficient?

2. Did the PCRA court err by dismissing [Souffrant's] PCRA [Petition] without holding an evidentiary hearing?

Brief for Appellant at 4.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. ***Id; see also Commonwealth v. Rienzi***, 827 A.2d 369, 371 (Pa. 2003) (holding "[t]his Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature, and accordingly a PCRA court cannot

hear untimely PCRA petitions."). Any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for the purposes of PCRA review at the conclusion of direct review or at the expiration of time for seeking such review. 42 Pa.C.S.A. § 9545(b)(3).

Souffrant's judgment of sentence became final in October 2015, when the time for seeking review with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 113 (providing that "a petition for allowance of appeal should be filed … within 30 days after the entry of the order of the Superior Court to be reviewed.") Accordingly, Souffrant's instant Petition, filed on June 19, 2020, is facially untimely.

However, we may exercise jurisdiction over an untimely PCRA petition if the petitioner proves one of three enumerated exceptions set forth in Section 9545(b)(1)(i)-(iii). Pursuant to Section 9545(b)(1), a PCRA petition must be filed within one year that the judgment becomes final, unless the petitioner proves that

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The petitioner bears the burden to plead and prove that one of the timeliness exceptions applies. **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008). Further, a petition asserting one these exceptions must also establish that the exception was raised within one year of the date the claim could have been brought. 42 Pa.C.S.A. § 9545(b)(2).

Souffrant alleges that the instant PCRA Petition falls under the timeliness exception set forth at section 9545(b)(1)(ii), relating to newly discovered facts. Brief for Appellant at 11-13. "A petitioner satisfies the newly-discovered facts exception when the petitioner pleads and proves that (1) the *facts* upon which the claim [is] predicated were *unknown* and (2) could not have been ascertained by the exercise of *due diligence*." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super 2018) (emphasis in original) (quoting **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007)). "Due diligence requires 'reasonable efforts by a petitioner based on the particular circumstances, to uncover facts that may support a claim for collateral relief' but does not require 'perfect vigilance [or] punctilious care.'" **Id.** (quoting **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015)).

Souffrant argues that he has satisfied the newly-discovered fact exception to the PCRA's timeliness requirements. Brief for Appellant at 11. Specifically, he alleges that there are photographs of blood drops found in the back stairwell of the apartment building where the victim was murdered and

- 6 -

Souffrant was shot.[2]  *Id.*  The existence of these photographs, Souffrant posits, would have proven that another individual fled the scene of the crime. *Id.*  Souffrant argues that "the best course of action was for trial counsel to simply produce those photos of blood drops found in the back stairwell left behind by the perpetrators fleeing the scene of the time, and that alone would have raised reasonable doubt."  *Id.*  Although Souffrant argues that his trial counsel should have used the photographs at trial, and was ineffective for failing to do so, he also alleges that he was not aware of the existence of these photographs until July 30, 2019, when he received a letter from the Public Defender's Office.  *Id.* at 11-12 (citing Exhibit B, Letter from Todd E. Brown to Souffrant, dated 7/30/19, enclosing "a copy of … pictures of the westside stairwell and the pictures of the bone fragments.").

Souffrant's claim that he was unaware of the existence of these photographs prior to receiving them from the public defender is belied by the record.  Initially, Souffrant's claim is contradicted by the arguments that he made in his first *pro se,* Amended PCRA Petition, filed in September 2016. Amended PCRA Petition, 9/23/16, at 8 (unnumbered), ¶ H.  Therein, Souffrant states as follows:

---

[2] To the extent that Souffrant argues that his trial counsel, direct appeal counsel, first PCRA counsel and second PCRA counsel were ineffective, Brief for Appellant at 4, we note that our Supreme Court has held that "[it] is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."  *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

> Within the discovery, there are two pictures of two different physical evidence [*sic*], which proves a very different account of events than the expert for the [C]ommonwealth claimed that happened when the crime was committed. There is a picture of a bone fragment that was shot from my wrist pictured on the floor between the living room and the dining room and **there is a picture of a bloodstain or print taken at the bottom of the west side stairwell.** Trial counsel failed to obtain forensic examination of those two physical evidence [*sic*] that would have contradicted [the State's] theory of how [the] fatal shooting occurred and would have countered [the State's] argument that [the] petitioner intended to kill [the] victim.

*Id.* (emphasis added). In the September 2016 Petition, Souffrant also provided the name of a computer specialist who, he averred, would testify that he and Souffrant had reviewed photographs of the blood stains in the hallway as well as photographs of bone fragments of Souffrant's wrist. *Id.* at 9 (unnumbered). Further, in the September 2016 Petition, Souffrant requested that the District Attorney provide him with copies of the pictures he now asserts are newly discovered. *Id.* at 10 (unnumbered).[3]

In addition, Souffrant claims that he first learned of the existence of the photograph in the letter from the public defender. Brief for Appellant at 11.

_____

[3] Souffrant filed an initial *pro se* PCRA Petition on March 28, 2016. The PCRA court appointed counsel, and Souffrant filed a counseled PCRA Petition on July 1, 2016. On September 23, 2016, Souffrant filed a *pro se* Amended PCRA Petition, wherein he discusses the photograph of the blood stain. On November 9, 2016, Souffrant filed a counseled Motion for an extension of time to file a brief in support of his PCRA and filed a counseled Memorandum of Law in Support of his PCRA on November 29, 2016. Because Souffrant was represented by counsel when he filed the Amended Petition, any briefs that he filed acting *pro se* need not be considered the by the PCRA court. ***Commonwealth v. Ellis***, 626 A.2d 1137, 1141 (Pa. 1993). The PCRA court did not address the Amended Petition, although it is part of the certified record.

However, the letter from the public defender expressly stated,"[A] review of your file indicates that **we had previously sent these requested items to you**, however we are again providing them to you as a courtesy as some of the material may have been contained on digital media that you may not have been able to access."  Exhibit B (Letter from Todd E. Brown to Souffrant, 7/30/19) (emphasis added).  Thus, the letter negates Souffrant's claim that he had no prior knowledge of the photographs.

Accordingly, the record does not support Souffrant's claim of newly discovered facts, as he was aware of the existence of, and had reviewed, the photographs, at least three and a half years before filing the instant PCRA Petition.  *See Hart*, 199 A.3d at 481; *Commonwealth v. Padillas*, 997 A.2d 356, 364 (Pa. Super. 2010) (stating that "a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence.").  Souffrant does not explain why he failed to request the photographs earlier, and he has failed to show that he exercised due diligence.  *See Commonwealth v. Stokes*, 959 A.2d 306, 311 (Pa. 2008) (finding that appellant failed to establish due diligence where the record reflected appellant's awareness of certain files several years before he requested them).

In light of the foregoing, Souffrant has failed to prove that his untimely Petition is subject to any of the timeliness exceptions under the PCRA. As a result, the PCRA court properly denied Souffrant's Petition as untimely filed.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2021

---

[4] Souffrant filed a Motion for Extension of Time to File Copies of Reply Brief on August 12, 2021. That Motion is denied.